NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3476
_____

TYRONE WAYNE ANDERSON,
Appellant

v.

PERRY PHELPS, Department of Corrections Commissioner of Delaware;
DAVID PIERCE; STEVEN WESLEY,
Chief Bureau of Prisons in the State of Delaware;
DELAWARE DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-02061)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2020
Before:  CHAGARES, PHIPPS, and COWEN, Circuit Judges

(Opinion filed: December 3, 2020)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tyrone Anderson, a Delaware state prisoner proceeding pro se, appeals from the District Court's order dismissing his complaint as frivolous after screening it pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2). For the reasons discussed below, we will affirm.

I.

In December 2018, Anderson filed a civil rights complaint in the District Court, alleging that he was confined at the James T. Vaughn Correctional Center ("JTVCC") during a prison uprising that resulted in the death of a correctional officer. On February 2, 2017, he was transferred to the Howard T. Young Correctional Institute ("HTYCI"). When Anderson arrived at HTYCI, he was placed in solitary confinement for 30 days and allegedly denied access to sufficient food, mental health care, and grievance processes. Anderson claimed that these actions by "unknown officers" violated his civil rights, as the officers intended to punish him because they believed that he had participated in the prison uprising at JTVCC. Anderson named as defendants the Delaware Department of Corrections ("DOC"), Commissioner Perry Phelps, HTYCI Warden Steven Wesley, and former JTVCC Warden David Pierce.

The District Court screened the complaint and dismissed it as frivolous under 28 U.S.C. §§ 1915A, 1915(e)(2)(B). The District Court dismissed the complaint with prejudice, finding that amendment would be futile. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal. See Dooley v. Wetzel, 957 F.3d 366, 373–74 (3d Cir. 2020). "In assessing the Complaint, we are mindful of our obligation to liberally

2

construe a *pro se* litigant's pleadings, particularly where the *pro se* litigant is imprisoned." Id. at 374 (quotation marks and citation omitted). A claim is frivolous "where it depends on an 'indisputably meritless legal theory.'" Id. (quotation marks and citation omitted).

## III.

Anderson's brief argues only that the District Court erred in dismissing his due process claims. Those arguments are meritless, as Anderson lacks a cognizable liberty interest in being confined in any particular institution, see Olim v. Wakinekona, 461 U.S. 238, 251 (1983), in having access to grievance procedures, see Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (explaining that "a prison grievance procedure confers no liberty interest on a prisoner"), or in challenging his solitary confinement for 30 days, see Williams v. Sec'y Pa. Dep't of Corr., 848 F.3d 549, 561 (3d Cir. 2017) (explaining that, in Sandin v. Conner, 515 U.S. 472, 486–87 (1995), the Supreme Court "found that thirty days in solitary confinement did not give rise to a protected interest"). Thus, the District Court properly concluded that Anderson's due process claims are frivolous. And the District Court acted within its discretion when it determined that amendment of those claims would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Anderson has waived any other issues, including any issues related to his Eighth Amendment claims, by failing to argue them in his brief. See Geness v. Cox, 902 F.3d

344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks omitted)).[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] In any event, we note that the District Court properly concluded that the remaining claims against the DOC and the named defendants are frivolous. As the District Court explained, the DOC is a state agency that is immune from suit. See Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018). And Anderson failed to allege that any of the named defendants were personally involved in the alleged wrongdoing. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Anderson has waived any argument that the District Court abused its discretion when it determined that amendment of the remaining claims would be futile.